IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RODERICK SHOULDERS                                              PLAINTIFF

v.                                    Civil No. 6:19-cv-06075

TIM CALLISON, Trooper, Arkansas
State Police                                                   DEFENDANT

## REPORT AND RECOMMENDATION

The Plaintiff, Roderick Shoulders, originally filed this *pro se* action on June 17, 2019, in the Eastern District of Arkansas pursuant to 42 U.S.C. § 1983. (ECF No. 1, 2). The matter was then transferred to this Court. Plaintiff's application to proceed *in forma pauperis* was granted. Plaintiff filed an Amended Complaint on July 19, 2019, which was ordered to be served upon the Defendant. (ECF No. 11, 12).

Before the Court is Defendant's Motion for Summary Judgment. (ECF No. 23). The Plaintiff has responded (ECF No. 29) to the Motion and the matter is now ripe for decision. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

## I. FACTUAL BACKGROUND

Plaintiff's Amended Complaint sets forth three claims against Defendant Tim Callison of the Arkansas State Police. Plaintiff's first claim is for racial discrimination. His second claim is for racial profiling, and his third claim is for cruel and unusual punishment. Each of Plaintiff's claims concerns a traffic stop which occurred on February 28, 2018. Plaintiff is suing Callison in both his official and personal capacities on each claim. (ECF No. 11).

Defendant's Motion for Summary Judgment attaches two exhibits: (1) a partial transcript

1

of Plaintiff's jury trial from the Circuit Court of Hot Spring County, Arkansas, January 4, 2019, attached as Exhibit A[1]; and, (2) the videotape of Plaintiff's arrest, attached as Exhibit B.  (ECF No. 23).  Plaintiff has submitted an Affidavit in Response to Summary Judgment (ECF No. 29).

After reviewing the summary judgment pleadings submitted, I find the following material facts not in dispute:[2]

On February 28, 2018, Defendant Trooper Tim Callison, Arkansas State Police, (hereinafter "Callison") was travelling east bound on Interstate 30 when he observed a white Chevrolet in the left hand lane.  (ECF No. 23, Ex. A; ECF No. 24).

Callison passed Plaintiff doing 67 mph then reducing to under 60 mph while in the left lane.  (ECF No. 23, Ex. A; ECF No. 24).

Plaintiff's speed varied several times, going 76 mph then reducing to under 60 mph, while in the left hand lane.  (ECF No. 23, Ex. A; ECF No. 24).

Callison initiated a stop of Plaintiff for impending traffic and speeding.  (ECF No. 24).

Callison observed Plaintiff breathing heavily and noted that Plaintiff would not maintain eye contact with Callison.  (ECF No. 23, Ex. A; ECF No. 24).  Plaintiff's hands were visibly shaking.  (ECF No. 23, Ex. A; No. 24).

Callison observed large amounts of food and drinks throughout Plaintiff's vehicle.  (ECF No. 23, Ex. A; ECF No. 24).

The vehicle that Plaintiff was driving was a rental vehicle out of Kentucky.  (ECF No. 23, Ex. A; ECF No. 24).  Callison noticed that the rental vehicle was headed back to its destination not even 2 days after it was rented.  (ECF No. 23, Ex. A; ECF No. 24).

---

[1] The Court will take judicial notice of the proceedings in the Circuit Court of Hot Spring County, Arkansas.  Fed. Evid. R. 201.

[2] These facts are taken primarily from the Hearing on Motion to Suppress prior to jury trial, on January 4, 2019.  (ECF No. 23, Ex. A).

Plaintiff's story of his trip was not consistent to the rental agreement and did not make sense.  (ECF Nos. 23, Ex. A, ECF No. 24).

Callison asked Plaintiff twice if he could search the vehicle.  Plaintiff consented to the vehicle search.  (ECF No. 23, Ex. A p. 24; ECF No. 24).  Callison then searched the vehicle.  (ECF No. 23, Ex. A; ECF No. 24).  Plaintiff testified at the hearing that he never gave consent to search the vehicle.  (ECF No. 23, Ex. A, pp. 32-33.)

Judge Chris E. Williams, Circuit Court of Hot Spring County, Arkansas, denied Plaintiff's motion to suppress the evidence that Callison discovered during his search of Plaintiff's car.  (ECF No. 23, Ex. A, p. 37-40).  Judge Williams found that Callison obtained consent for the search.  *Id*. Following a jury trial, Plaintiff was convicted of one count of trafficking a controlled substance and sentenced to forty (40) years in the Arkansas Department of Correction.  *See Shoulders v. State*, 2020 Ark. 125, 2020 WL 813126 (Ark. App. 2020).  His direct appeal from this conviction is still pending.  *See id*.

Plaintiff, in his summary judgment response, again asserts that "[i]t is my testimony that I didn't give consent."  (ECF No. 29).  Plaintiff further states Callison "retained my license and paper work and also asked question unrelated to the purpose of the traffic stop.  Mr. Callison racially profiled me and searched my car on a hunch, he never had probable cause or reasonable suspicion."  *Id*.

Plaintiff states "my movements were restricted.  As my trunk begin to open I stepped out and said officer I didn't give you consent to search.  Mr. Callison disregarded what I said and demanded me back inside of his cruiser."  (ECF No. 29).

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

The Defendant contends that he is entitled to summary judgment with respect to Plaintiff's claims. Specifically, the Defendant argues that he is entitled to statutory immunity[3] and, that based on the undisputed facts, Plaintiff has failed to set forth facts upon which relief can be granted.

---

[3] Statutory immunity, as established by Ark. Code Ann. § 19-10-305(a), would potentially apply to any claims under the Arkansas Civil Rights Act (ACRA). Plaintiff has not made any claims under the ACRA and the Court will not address this point raised by Defendant.

A. *Heck v. Humphrey*

First, although not argued by the Defendant, I find that summary judgment is appropriate with respect to Plaintiff's claims of racial discrimination and racial profiling as they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

According to the United States Supreme Court, a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512, U.S. at 486-87.

"The rule in *Heck* covers any § 1983 claim that would necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement. Thus, the relevant inquiry is not the constitutional underpinning of the inmate's § 1983 cause of action." *Portley -El v. Brill*, 288 F.3d 1063, 1067 (8th Cir. 2002)(internal quotations omitted). In *Portley-El*, the plaintiff argued that a disciplinary conviction was on account of his race. The Court held that "[i]f Portley-El were to succeed on this claim, he would necessarily demonstrate Brill's bias in affirming his discipline, thereby rendering the disciplinary result invalid, including the loss of good time credits." *Id.*

Here, Plaintiff claims that a traffic stop, which ultimately resulted in his conviction of trafficking a controlled substance, occurred due to racial profiling. Although on appeal, Plaintiff's conviction has not been overturned. If Plaintiff were to succeed on this claim, it would render the traffic stop invalid, and would necessarily imply the invalidity of his conviction and sentence in the state criminal proceeding. Plaintiff's underlying conviction in that state criminal proceeding is based on the evidence found during the stop he challenges here. *Heck* therefore bars his claim. *See e.g., Ballenger v. Owens,* 352 F.3d 842, 844, 847 (4th Cir.2003)(holding that *Heck* prohibited plaintiff from asserting claims that defendants unconstitutionally stopped him, searched his

automobile, and seized drugs and a handgun because the plaintiff was convicted of trafficking in drugs based on evidence found during a traffic stop); *Woods v. Candela,* 47 F.3d 545, 546 (2nd Cir.1995)(alleged constitutional violations during traffic stop that resulted in conviction was *Heck* barred until the conviction was overturned);  *Vellon v. Goodman*, Civil No. 13-2195, 2015 WL 1611765 (W.D. Ark. April 10, 2015)(applying *Heck* to claim that traffic stop which resulted in drug conviction was based on racial profiling); *Cano–Diaz v. City of Leeds, Ala,* 882 F.Supp.2d 1280, 1288–89 (N.D.Ala.2012)(claim that traffic stop was based on ethnicity would implicate the validity of her conviction); *Barr v. Corradino,* Civil No. 1:12–cv–2006, 2015 WL 478500, *8 (N.D.Ga. February 3, 2015)("success on Plaintiff's claim that the initial traffic stop was unlawful, alone, would implicate the validity of all the convictions because there could have been no criminal charges, and thus no convictions, without the traffic stop"); *Collins v. Smith,* Civil No. 12–cv–801, 2012 WL 3765135 (S.D.Ill. August 29, 2012)(Claim that the original traffic stop was unconstitutional could not proceed under *Heck* because the ensuing search was the only reason drugs were found and if the evidence was rendered unuseable, his conviction could not stand); *Young v. Ingalls,* Civil No. 10–5036, 2010 WL 4269482 (W.D.Ark. Sept. 22, 2010)(applying the reasoning of *Heck* to a claim that an officer lacked probable cause for an arrest or that the arrest was racially motivated).

### B.  Racial Discrimination and Racial Profiling

Alternatively, and as argued in Plaintiff's Motion for Summary Judgment, I find that summary judgment is appropriate with respect to Plaintiff's claims of racial discrimination and racial profiling as Plaintiff has failed to set forth facts upon which relief can be granted.

Plaintiff asserts that, on February 28, 2018, Callison "seen I was a black male . . . pulled me over, pulled me out the car.  Searched the vehicle without consent.  No ticket was written. Officer Callison made a racial pretextual stop."  (ECF No. 11).  Plaintiff further asserts "I was

stopped because I was black.  I wasn't speeding that was fabricated.  If not then where was the speeding ticket?  He was that I was a young black male with out of state plates and made a racially pretextual stop."  *Id*.

"'[T]he Constitution prohibits selective enforcement of the law based on considerations such as race . . . [and] the constitutional basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause . . . .'"  *Johnson v. Crooks*, 326 F.3d 995, 999 (8th Cir. 2003) (quoting *Whren v. United States*, 517 U.S. 806, 813 (1996)).  The Eighth Circuit has recognized that "encounters with officers may violate the Equal Protection Clause when initiated solely based on racial considerations."  *U.S. v. Frazier*, 408 F.3d 1102, 1108 (8th Cir. 2005).

As stated in *Johnson*, "[t]his claim does not require proof that [Plaintiff] was stopped without probable cause or reasonable suspicion to believe [he] committed a traffic violation."  326 F.3d at 999.  Instead, Plaintiff must prove that Callison "exercised his discretion to enforce the traffic laws on account of [his] race, which requires proof of both discriminatory effect and discriminatory purpose."  *Id*. at 1000.  *See also United States v. Armstrong,* 517 U.S. 456, 465 (1996).  Discriminatory effect and purpose is typically proven by establishing that similarly situated individuals were not stopped or arrested.  *Id*.

The Plaintiff has not claimed, much less offered summary judgment evidence, that Callison does not stop non-African Americans under similar circumstances.  Further, even if Plaintiff could prove that Callison initiated an arbitrary traffic stop, as quoted with approval by the Eighth Circuit, "'[w]e do not think . . . the combination of an arbitrary stop . . . with a difference in race between the person stopped and the officer establishes a prima facie case of racial discrimination.'"  *Johnson*, 326 F.3d at 1000 (quoting *Ford v. Wilson*, 90 F.3d 245, 248-49 (7th Cir. 1996)).

Callison is entitled to summary judgment with respect to Plaintiff's claims of racial discrimination and racial profiling.

### C. Cruel and Unusual Punishment

Plaintiff's third claim is for cruel and unusual punishment.  Plaintiff states "Callison's behavior has made me question and fear the equality of the law . . .  Also when search began, I stopped the search only to be commanded by authority to sit back . . . ." (ECF No. 11).  Plaintiff states "Officer Callison reached for his service weapon when I demanded him to stop his search without probable cause in which was all captured on police dash cam footage." *Id*.

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment.  U.S. Const. Amend. VIII.  The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Plaintiff does not claim he was subjected to any physical pain or other injury as a result of Defendant Callison's conduct during the traffic stop.

The Plaintiff has not set forth a cognizable claim in this regard, nor has he presented evidence of such a claim.  The Defendant is entitled to summary judgment with respect to any claim of cruel and unusual punishment in this matter.

### IV. CONCLUSION

For the reasons stated above, I recommend that Defendant's **Motion for Summary Judgment (ECF No. 23)** be **granted**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **21st day of April 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE